# CARROLL,

## DECEMBER TERM, A. D. 1846.

## PIPER *v.* CLARK & a.

When the private claim of an administrator of an insolvent estate is contested by the heirs, and by the agreement of the parties is submitted to the decision of the judge of probate, no appeal lies from his decision.

APPEAL from a decree of the judge of probate, disallowing the claim of Sally Piper, administratrix of the estate of David Piper, against said estate.

It appeared from the appeal which was filed, that the administratrix and heirs agreed in writing to submit the private claim of the administratrix, and the offset filed against the same, to the determination of the judge of probate, in pursuance of a provision of the statute for that purpose, and that he found that nothing was due to her over and above the matters filed in set.off, and disallowed her claim; from which decision this appeal was taken.

The reasons of the appeal related to the merits of the case, and were, in substance, that there was a debt due to the administratrix for services rendered, as stated in the claim.

*Hobbs*, for the appellees, moved to dismiss the appeal, because the claim having been contested by the heirs, and the parties having agreed in writing that the judge should decide the same, no appeal lies for such reasons as are given in the appeal.

*Batchelder*, for the appellant.

PARKER, C. J. The objection taken to this appeal is fatal. The 16th section, chapter 162, Revised Statutes, provides that claims of an administrator against an insolvent estate shall not be examined or allowed by the commissioner, but the same shall be examined, and allowed, if just, by the judge, on his settlement of the administration account, and added to the list of claims. And the 17th section enacts that if such claim is contested by any heir or creditor, the judge, unless the parties shall agree in writing that he shall decide it, shall refer the same to one or more referees, whose report, when accepted by the judge, shall be final, and the amount allowed placed on the list of claims.

The statute seems to have intended that the proceedings upon the private claim of the administrator against the estate should be final in the probate court. When the claim is committed to the determination of referees, their report is made final, in express terms, and it could not have been intended that the decision should be less so, when the parties agree that the judge shall decide the controversy. He acts as a referee in such case by agreement. The case is not, therefore, within the general provision for appeals from all the decrees, &c., of the judge of probate.

If the legislature could make the proceedings in the probate court final, they have done so; and there can be no doubt of their power to make the decision of a tribunal agreed upon by the parties final and conclusive, and to take away all right of trial by jury after a regular decision of the matter founded upon such an agreement.

If the parties had not agreed that the judge should decide, but the case had been referred by him under the provisions of the 17th section, the question might have arisen whether the legislature had a constitutional power to make the report final, and thus deprive the party of a trial by jury. But the administrator, by the acceptance

of his office, may perhaps be held to have waived any claim to such trial, even when the case is referred by the judge.

*Appeal dismissed.*